UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:11-cr-008-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| HEATHER A. COLLINS, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 171] filed by United States Magistrate Judge Hanly A. Ingram.  The Defendant, Heather A. Collins, is charged with six violations of her supervised release including using and possessing controlled substances, using and possessing controlled substances without a physician's prescription, and committing additional federal crimes by using and possessing methamphetamine and hydrocodone.  [R. 171 at 1-3.]  Collins provided a sample for drug urinalysis that, on October 10, 2016, returned positive test results for methamphetamine, hydrocodone, and hydromorphone. [*Id.* at 2.]  Defendant Collins notified the Court of her use of two Lortab pills, in clear violation of the conditions of her supervised release, but denied methamphetamine use and claimed that the act of removing an active meth lab in her mother's house resulted in the positive test result. [*Id.*]  Upon notification of these violations, the Court issued an arrest warrant.  [R. 163.]  This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter.

Concerning the instant offense, Judge Ingram presided over the initial appearance on supervised release violation on October 26, 2016, where Defendant Collins was advised of her rights and Douglas Benge was appointed as counsel under the Criminal Justice Act. [R. 165.] On November 2, 2016, Judge Ingram held a final hearing during which Defendant Collins "competently entered a knowing, voluntary, and intelligent stipulation to charged Violations #3 through 6." [R. 171 at 4.] Defendant Collins acknowledged that the government "could present evidence of" violations #1 and 2 and "she had no contrary evidence to present" therefore under 18 U.S.C. § 3583(e) Magistrate Judge Ingram found that the supervised release violations had been proven by a preponderance of the evidence. [*Id*.] On November 4, 2016, Judge Ingram issued a Recommended Disposition which recommended revocation of Defendant Collin's term of supervised release and a term of incarceration for six (6) months with two years of supervised release under the conditions previously imposed to follow. [*Id*. at 9.] Judge Ingram also recommended evaluation for drug treatment by the USPO upon Defendant Collins' release. [*Id*.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, and particularly noted Defendant's troubling and extensive history of substance abuse, the role the Defendant played as ringleader in the underlying drug trafficking conspiracy, the danger she poses to herself and others when she is using drugs, and the disturbing matter of Defendant Collin's violation of the Court's trust in this instance. [*Id*. at 6-8.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 10.] *See* 28 U.S.C. § 636(b)(1). Defense counsel has not filed any notices with the Court since the Magistrate's Recommendation has been submitted and the fourteen (14) day time period for

2

objections has elapsed.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 171**] as to Defendant Heather A. Collins is **ADOPTED** as and for the Opinion of the Court; and

2. Defendant Collins is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge; and

3. Heather Collins' Supervised Release is **REVOKED**; and

4. Defendant Collins is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **six (6) months** with a term of **two (2) years of supervised release** under the conditions previously imposed to follow; and

5. Evaluation for necessary drug treatment shall be performed by the USPO upon release; and

6. Judgment shall be entered promptly and Case No. 6-11-CR-008-GFVT-HAI-1

will be **STIRCKEN** from the Court's active docket..

This the 22nd day of November, 2016.

Gregory F. Van Tatenhove
United States District Judge