UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:11-cr-08-GFVT-HAI-1 |
| V. | ) ) ) | |
| HEATHER COLLINS, | ) ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 194] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Heather Collins, is charged with violating her supervised release as she failed to "not commit another federal, state or local crime." [*Id.* at 2.] Judgment was originally entered against the Defendant on May 31, 2012, after Ms. Collins pled guilty to conspiring to distribute a quantity of Schedule II controlled substances and conspiring to distribute hydrocodone. [*Id.* at 1.] She was originally sentenced to 60 months followed by a three-year term of supervised release. [*Id.*] The Defendant's sentence was reduced to 49 months on November 1, 2015. [*Id.*] Ms. Collins began her term of supervised release on October 30, 2015. [*Id.*] In November 2016, Ms. Collins' supervised released was revoked based upon six violations of her supervised release term for violations involving drug use and possession. [*Id.*] She was sentenced to six months imprisonment and two-years supervised release for these violations. [*Id.*] On April 21, 2017, she began her second term of supervision. [*Id.*]

On May 8, 2018 an officer with the Kentucky State Police pulled Ms. Collins's car over for traveling in the left lane and on the fog line. [*Id.* at 2.] After pulling the vehicle over the officer conducted a traffic stop on suspicion of DUI or that the driver was falling asleep. [*Id.*] During this stop Ms. Collins told the officer that her girlfriend had rented the vehicle. [*Id.*] However, the rental agreement did not list the Defendant and the girlfriend was not present in the vehicle. [*Id.*] Suspicion of criminal of criminal activity led the officer to ask about anything in the vehicle of concern. [*Id.*] Ms. Collins's passenger told the officer that he had a gun underneath the passenger seat. [*Id.*] Ms. Collins then consented to a search. [*Id.*] During his search the officer found: (i) a loaded handgun under the passenger seat; (ii) a stolen loaded handgun found in the center console; (iii) a set of scales and weights wrapped in a paper towel in the trunk; and (iv) a backpack near the spare tire which contained multiple Ziploc bags with methamphetamine inside. [*Id.* at 3]

The officer arrested Ms. Collins and she was charged in Laurel District Court. [*Id.*] Ms. Collins is currently facing crimes under Kentucky law for: (i) trafficking in a controlled substance, 1st degree (greater or equal to 2 grams of methamphetamine); (ii) careless driving; (iii) carrying a concealed weapon by a prior deadly weapon offender; and (iv) receiving stolen property (firearm). [*Id.*] Ms. Collins has indicated that she expects to be indicted in state court and potentially receive a lengthy and consecutive term of imprisonment if she is convicted. [*Id.*]

Ms. Collins was arrested on June 4, 2018, for violating the conditions of his supervised release. [R. 181.] At the final revocation hearing, held on September 25, 2018, Collins competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 193.] On October 1, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended

revocation of Collins's supervised release and a term of twenty-four months of imprisonment followed by a one-year term of supervised release. [*Id.* at 8.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence and noted that Ms. Collins initially received a below Guideline sentence for her conviction. [*Id.* at 6.] In determining an appropriate recommended sentence, the Magistrate Judge also pointed to the "obviously very dangerous" nature of the Defendant's conduct by possessing a firearm while committing a felony. [*Id.*] The Defendant also has repeated violations of the Court's trust and the conduct underlying the current violation is equally, if not more, serious than the Defendant's original convictions. [*Id.*] The seriousness of Ms. Collins's conduct is highlighted by the joint recommendation of the parties for an upward departure of 24 months of imprisonment. [*Id.*]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 9.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Collins submitted a waiver of allocution. [R. 195.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is

hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 194**] as to Defendant Heather Collins is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Collins is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Collins's Supervised Release is **REVOKED**;

4. Ms. Collins is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twenty-four months of imprisonment;

5. A one-year term of supervised release under the same conditions originally imposed along with the following additional conditions:

   a) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

   b) You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each

and every prescription medication in your possession, custody or control. The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in your possession, custody, or control at the time of the report;

c) You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release. You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs;

d) You must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications; and

e) You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

This the 31st day of October, 2018.

Gregory F. Van Tatenhove
United States District Judge